**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| **ANDERSON TOOLING INC.,** | |
| **Plaintiff,** | CASE NO. _____ |
| v. | |
| **UNITED STATES OF AMERICA,** | **COMPLAINT AND JURY DEMAND** |
| **Defendant.** | |

**NATURE OF THE CASE**

1. This is an action under Title 28, Section 1346(a)(1) of the United States Code and Title Section 7422 of the United States Code for the recovery of tax penalties and interest erroneously assessed and collected pursuant to 26 U.S.C. § 6651 and 26 U.S.C. § 6656, for the following tax periods: calendar year 2008 (all quarters); calendar year 2009 (all quarters); calendar year 2010 (all quarters); calendar year 2011 (all quarters); and calendar year 2012 (first quarter). These quarterly tax periods are referred to collectively as "Tax Periods."

**JURISDICTION AND VENUE**

2. Plaintiff, Anderson Tooling Inc. ("ATI") is a corporation organized under the laws of the state of Iowa, with its principal place of business in Fairfield, Iowa.

3. Defendant is the United States of America.

4. Venue in this Court is proper under 28 U.S.C. § 1402(a)(2). ATI's principal place of business is located in Fairfield, Jefferson County, Iowa, which is located within the Central Division of the United States District Court for the Southern District of Iowa.

5. ATI filed tax returns and paid the assessed penalties for each of the Tax Periods as follows:

| Quarter | Date(s) of Payment(s) | Amount of Penalty Payment |
|---|---|---|
| 2008 Quarter 1 | June 29, 2010<br>July 2, 2010 | $16,005.31 |
| 2008 Quarter 2 | March 26, 2009<br>July 2, 2010<br>July 14, 2010 | $24,473.41 |
| 2008 Quarter 3 | October 21, 2010<br>November 22, 2010<br>December 13, 2010<br>April 7, 2011<br>July 25, 2011 | $27,741.08 |
| 2008 Quarter 4 | July 25, 2011 | $38,107.61 |
| 2009 Quarter 1 | November 18, 2010<br>July 25, 2011 | $17,384.15 |
| 2009 Quarter 2 | July 25, 2011 | $13,897.48 |
| 2009 Quarter 3 | December 9, 2009 | $1,890.25 |
| 2009 Quarter 4 | May 14, 2010<br>June 29, 2010 | $4,107.58 |
| 2010 Quarter 1 | June 29, 2010 | $2,612.01 |
| 2010 Quarter 2 | March 2, 2011 | $1,813.45 |
| 2010 Quarter 3 | October 12, 2010<br>January 18, 2011 | $2,373.47 |
| 2010 Quarter 4 | April 7, 2011 | $2,378.41 |
| 2011 Quarter 1 | June 20, 2011<br>June 21, 2011 | $4,773.84 |
| 2011 Quarter 2 | July 7, 2011<br>November 4, 2011 | $5,020.66 |
| 2011 Quarter 3 | January 2, 2012 | $2,084.90 |
| 2011 Quarter 4 | June 14, 2012<br>September 24, 2012<br>January 8, 2013 | $12,299.67 |
| 2012 Quarter 1 | March 5, 2012<br>March 12, 2012<br>September 24, 2012 | $16,307.00 |
| **Total Amount of Penalty Payments:** | | **$193,270.28** |

6. ATI paid in full all deficiencies and penalties for the Tax Periods, the total amount of penalty payments for the Tax Periods of $193,270.28.

7. ATI filed Form 843, Claim for Refund and Request for Abatement of the penalties for each of the Tax Periods on October 30, 2017, within the applicable limitations period for the filing of an administrative refund claim. *See* Attached Ex. A (Letter to Internal Revenue Service, dated October 30, 2017).

8. ATI received notice that its Form 843 request for abatement refund of penalty claims were fully denied because ATI did not establish reasonable cause for late payment from the Internal Revenue Service on June 19, 2018, for the following Tax Periods: calendar year 2009, quarter three; calendar year 2010, quarters one, two, and four; and calendar year 2011, all quarters.  *See* Attached Ex. B (Letter from Internal Revenue Service, dated June 19, 2018).

9. ATI received notice its Form 843 request for abatement and refund of penalty claims were fully denied from the Internal Revenue Service on July 13, 2018 for the following Tax Periods: calendar year 2010, quarter three. *See* Attached Ex. C (Letter from Internal Revenue Service, dated July 13, 2018).

10. More than six (6) months has expired from the date of filing the request for abatement and claims for refunds for penalties for the following Tax Periods: calendar year 2008, all quarters; calendar year 2009, quarters one, two, and four; and calendar year 2012, quarter one, as required by Section 6532(a) of Title 26 of the United States Code, and the defendant has taken no action with respect to the said refund claims.

11. Notice has been given to the Internal Revenue Service pursuant to 26 U.S.C. § 7422(a).

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340, 1346(a)(1) and 26 U.S.C. § 7422(a).

**FACTUAL ALLEGATIONS**

13. ATI filed a Form 941 for each Tax Period.

14. ATI has paid in full taxes due on Form 941 for each of the Tax Periods.

15. The IRS erroneously failed to refund the penalties ATI paid for late payment of tax or late filing of ATI's Form 941 for each of the Tax Periods.

16. The amount of penalties assessed for each Tax Period is set forth *supra*, Paragraph 5.

17. ATI has paid all penalties assessed for each Tax Period as set forth, *supra* Paragraph 5.

18. On or about October 30, 2017, ATI timely filed with the Internal Revenue Service a claim for refund (Form 843) that conformed to relevant provisions of applicable law as required by Section 7422(a) of Title 26 of the United States Code, seeking a refund of the penalties assessed for each of the Tax Periods.

19. Copies of each Form 843 are attached hereto and incorporated herein by reference. *See* Exhibit A.

20. The IRS disallowed ATI's claims for abatement or refund or has failed to respond to ATI's claims for longer than six (6) months after submission of the claims for each Tax Period. *See* Exhibits B, C.

21. The requirements of 26 U.S.C. § 6532(a)(1) are satisfied.

**COUNT I**

22. The allegations contained in the foregoing paragraphs are hereby incorporated herein by reference.

23. Any failure by ATI to timely file its 941 Forms or pay taxes was due to reasonable cause and not due to willful neglect.

24. Namely, the illegal and tortious actions of ATI's Chief Financial Officer and manager effectively disabled ATI from timely meeting its tax obligations, constituting reasonable cause to set aside the penalties and interest against ATI.

25. The Internal Revenue Service erroneously or excessively assessed ATI penalties for late filing and/or erroneously denied ATI's claim for refund or abatement of penalties in the amount of $193,270.28 for the Tax Periods.

26. The Internal Revenue Service cannot justly retain ATI's payment $193,270.28 for the Tax Periods.

WHEREFORE, Plaintiff ATI demands judgment against Defendant in the amount of $193,270.28 or in such other amount as may be legally refundable, plus interest, costs and disbursements as allowed by law, and for such other relief as the Court may deem just and proper, including the award of reasonable litigation costs incurred in this proceeding, pursuant to 26 U.S.C. § 7430.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all causes herein.

/s/ Jonathan C. Landon
JONATHAN C. LANDON    AT0010352
MOLLY PARKER          AT0012335
        for
SHUTTLEWORTH & INGERSOLL, P.C.
115 Third Street SE, Ste. 500,
P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:      (319) 365-8564
E-mail: jcl@shuttleworthlaw.com
        mmp@shuttleworthlaw.com
ATTORNEYS FOR PLAINTIFF